Case 13-2425 Corey Crugher v. John Prelesnik Excuse me, I'm getting back on the line again. Hi, this is Liz. Mr. Nyhol, please? May I tell who's calling? This is Janine with the Sixth Circuit Court of Appeals. Hold on for just a moment. Mr. Nyhol? I do apologize, ma'am. I moved my phone slightly closer to me so that I could hear better and it disconnected. I truly apologize. Go ahead. Thank you. Yes, thank you. May it please the court, I am Colin Nyhol. Ma'am, sir, she was calling the case. Let's get that on the record first. Okay, go ahead. I do apologize. Yes. Case 13-2425 Corey Crugher v. John Prelesnik. Oral argument not to exceed 15 minutes per side. Mr. Nyhol for the appellant. You may proceed. May it please the court, I am Colin Nyhol of the Fixal Law Offices. I represent the plaintiff and appellant Corey Crugher. We are appealing the dismissal of a claim filed in the Western District of Michigan versus the Michigan Department of Corrections. At this time, I request five minutes for rebuttal. You may. Okay. You know, the facts of this claim are not terribly complicated. Corey Crugher was an employee of the Michigan Department of Corrections. They're an arm of the state of Michigan. They have 11th Amendment immunity. Corey Crugher, while employed by DOC, was diagnosed with a medical condition that results in episodic flare-ups that take about a day off of his normal job duties to correct. He notified MDOC of this fact. His doctor provided medical documentation. But despite the fact that he had documentation and approval of these intermittent leave for his flare-ups, he was disciplined for taking the leaves and ultimately terminated from his position. Now, normally this would be a very run-of-the-mill FMLA retaliation interference action. But what makes the claim difficult is that we have a fairly recent decision from the Supreme Court of the United States, Coleman v. Court of Appeals of Maryland, 132 Supreme Court 1327, 2012. And in that case, the Supreme Court ruled that even though the FMLA allows enforcement for intermittent leave as against the state and against state agencies, it was an unconstitutional abrogation of state sovereignty when they initiated this act. Basically, it's unconstitutional for a person who is fired for intermittent leave to bring a suit against the state seeking damages. Well, Crugher brought... I'm sorry, I heard a noise. Do I have a question? No, go ahead. Well, Crugher brought a claim seeking reinstatement, and the reason we're not here on a rule of heaven sanction is that because there is another body of law, and this was Diaz v. the Michigan Department of Corrections, 703-F-956-2013, that said that it's appropriate for a state employee who has been terminated in violation of their intermittent leave FMLA rights to seek reinstatement for their position through an injunctive order pursuant to the doctrine of Ex parte Young. So, Crugher brought a claim. I refer to them as a Diaz claim, but when I say Diaz claim, what I'm meaning is a claim for injunction pursuant to the court's injunctive power as authorized by Ex parte Young as interpreted by Diaz v. MDOC. Okay. Counsel, this is Judge Boggs. If we can cut to the chase here in terms of the statute of limitations problem, correct me if I'm wrong, but underlying this is that the claim was filed more than two years after the claim would have accrued, so that it would be out of time unless one of two things that you raise. One is that somehow Ex parte Young claims are different, or secondly, willfulness. If you could address the first part where I'm asking, if your claim is correct, this would apply not to FMLA, but all kinds of statutes where the state would have sovereign immunity. Are there any cases that have held that an, in effect, straightforward discrimination claim or some type of employment rights claim gets out of the statute of limitations by calling it an Ex parte Young claim? Well, the thing is, we've looked, and I'd welcome some guidance from your clerks if they find something that we didn't. There's no decisions interpreting what the correct statute of limitations is for a claim brought pursuant to Ex parte Young. In that situation... Or at least that may mean nobody has thought that that got you around the statute of limitations of the relevant statute, because FMLA itself allows for both money damages and equitable relief, and that's what you're seeking is equitable relief, correct? Well, but the issue is that an Ex parte Young claim isn't an extension of an underlying federal statute. Well, isn't it you're bringing a claim for equitable relief against the state, and that claim can proceed because of Ex parte Young, but it is an FMLA claim. If FMLA did not say you can get equitable relief, Ex parte Young would not give you an independent basis, would it? What would give you that basis is the inherent power of the federal courts to enjoin unlawful conduct. Congress had a right... But it's only unlawful conduct if it's said to be in the FMLA. And it is said to be in the FMLA. The FMLA says that it's unlawful to terminate somebody for taking intermittent leaves. That part of the FMLA still remains valid as interpreted by Diaz, but what's invalid is its enforcement mechanism. You can't, under the FMLA, pursuant to the FMLA, hail the states into federal court. Sure you can for equitable relief of the nature allowed by Ex parte Young. Sure, but at that point, for equitable relief in general. The distinction that I make here is that Ex parte Young claims don't necessarily require an underlying federal statute with a statute of limitations and a right to equitable relief. Ex parte Young itself was a claim by the... Young himself was the Minnesota Attorney General. He sought to enforce a provision of Minnesota law that was claimed to be unconstitutional. He was enjoined from enforcing the law, and he went ahead anyway, and he ended up being held in contempt. He claimed 11th Amendment immunity for it. It was held to be... The law in question was found to be unconstitutional because it's a violation of the 14th Amendment, which doesn't itself have a statute of limitations because it doesn't itself have an individual cause of action. And so really all... Under Ex parte Young, you're bringing a claim under the court's general injunctive powers. Our contention is, in that circumstances, what limitations period applies. There's no federal law that provides the limitations period for an injunctive action under that circumstance. There's... And in that circumstance, you defer to state... The federal courts typically defer to state law in the state in which they're sitting for an analogous state statute. In Michigan, that's six years. Wouldn't... Sorry, go ahead. Counsel, this is Judge Clay. Have you considered whether the four-year statute of limitations of 18 U.S.C. section 1658A might apply? That's the general federal statute of limitations for civil actions arising under any act of Congress enacted after December 1, 1990. If the... If there's a problem with the FMLA statute of limitations... Since the FMLA was enacted in 1993, that would have been after this section 1658A became effective in 1990. Have you considered whether that section, that statute of limitations, might apply, which is four years? No, neither party raised that in the briefs, and in my own research, I did not encounter that. Well, I know it's not in the brief, but I'm asking if you have any thoughts about it. Well, the thought is... I'd like to research that a little bit myself before I take a position. This is the first that I've considered that. But if, as you say, it would apply to any federal action, then yes, I think that would be an appropriate statute of limitations, and under that limitations period, we're clearly within it. Counsel, your general theory that would seem to apply if you were seeking prospective injunctive relief against a state official, even if you had other remedies, which would seem kind of odd that you have a statute with a specific statute of limitations, and yet you could get a longer one simply by seeking prospective injunctive relief. Well, but the difficulty here is that I have an issue looking at Acts Parte Young as allowing an extension of the underlying FMLA statute. I'd remind the Court that Acts Parte Young, which is what Diaz says we can use here, allows a claim against an individual state official. We have Mitchell v. Chapman, 343 F. 3rd. 811. 2003, that's a Sixth Circuit decision, that said that the FMLA does not allow individual liability against public agency employers. So we really can't look at this thing as an extension, as an FMLA enforcement action any longer. Well, in Mitchell, I'm not familiar with that, but was that for money damages against the state officer? Yes, it would have included a claim for money damages. But again, with the reasoning in Coleman, it said that there's no right under Congress's Act of the past to hail the state into the courts. Okay, counsel, I don't know if you're watching your time there, but we have a red light here, so if you want to save your five minutes for rebuttal, you'll have to stop. Okay? Very well. All right, thank you. You'll have your time for rebuttal. Good morning, Your Honors. Assistant Attorney General Jean Marie Miller on behalf of Defendant John Prelznick. I believe the issues are pretty well briefed in my brief, but I want to point out, Ex parte Young is not a separate cause of action. Ex parte Young made it very clear that they were creating a legal fiction, a mechanism that would thereby allow an individual to seek injunctive relief to stop a continuing violation of federal law where the relief would otherwise be barred. The claim and the relief would otherwise be barred by sovereign immunity. The issue in this case is the relief. The relief doesn't make the claim. The claim here is an FMLA interference and retaliation claim. The Diaz case, which Mr. Niholtz cites, found that a claim for reinstatement was potentially, they didn't say that it was, they said that it was potentially allowed under Ex parte Young, assuming there was a continuing or an ongoing violation, and the case was remanded back for determination as to whether there was a continuing because the FMLA at 29 U.S.C. 2617A13, the remedy provision, specifically provided for reinstatement. If the reinstatement wasn't provided for, then there would have been no claim under Diaz. They specifically cited that reinstatement provision as the reason a claim for reinstatement may potentially be viable under the FMLA. So the theory here is that the man was terminated and he's seeking reinstatement. So in that sense, he's seeking to end the continuing violation of federal law. That is the plaintiff's claim. Now, the law in this circuit is very clear that a claim for a termination, be it under the Fair Labor Standards Act, Title VII, the NLRA, FMLA, a termination is not a continuing violation. It's a discrete act. The effort to obtain reinstatement and the continuing denial of that would be the continuing violation, the theory would go. And there is some support for that in the case law. Actually, this circuit in Bowerman v. International Union was looking at the issue of whether a termination was a continuing violation. And that hasn't been an issue in this case up until yet. Your strong statement, at least the strong version of what you just said, really is contrary to Diaz, isn't it? At least Diaz says it's potentially open. You're trying to say it isn't. Right, right, because this court in Diaz said, you may have that relief, we're remanding it back for the court to determine whether there's a continuing violation in this case where someone has been terminated. At this point, it's really not relevant because we're talking about the statute of limitations. If you win on the statute of limitations, it doesn't go any further. Presumably, I forget what state Diaz was in, I don't know if you're... It was Michigan Department of Corrections. So what has happened on remand, do you know? I believe that case is not assigned to me. I believe that case is still presently pending. Okay, so we may get that issue back. But again, that's irrelevant if you're right on the statute of limitations. And if you're wrong on the statute of limitations, then either we go to the merits or we follow Diaz and we see what happens below. So let's stick to the statute of limitations for now. I take it your submission is that not only does the FMLA have a remedial scheme, which includes the provision for equitable remedy, Diaz specifically mentions that the FMLA specifically allows for reinstatement, not just general remedy but the very remedy he seeks. Is that a fair summary? That is a fair summary. After Diaz, it's clear that reinstatement is a form of equitable relief under the FMLA. If this court adopts the standard that the appellant wishes them to adopt, that there is a longer statute of limitations when ex parte young is implicated against the state, you're going to have a situation where if I work for General Motors and bring that FMLA claim and seek reinstatement, I only have two years, three years if it's a willful violation, to bring that claim. But state employees would be afforded a longer statute of limitation to seek a remedy of that federal act. Just to be clear, in the particular case in Michigan, they're a longer statute. But if this principle is correct, you would be looking to state law across the country, some of which might be shorter but some of which might be much longer. That is correct. You would have a situation where depending upon where you were, who your employer was, whether it was a state employer, a private employer, what state you were in, there would be no set statute of limitations under the FMLA for equitable claims of reinstatement. It would be different depending upon the nature of your employer and where you were. It would be equitable claims of reinstatement against a state employer. Correct. That would otherwise have some 11th Amendment protection. Correct. You don't have ex parte young actions against private employers. That's correct. But the state would potentially be subject to liability for a longer period of time if ex parte young is, as the appellant wants this court to adopt, a separate cause of action. Were you able to find anything where a claim of this sort had been made anywhere? No. It may be that the plaintiff's lawyer is just very adroit here, but at least it appears that this is a case of first impression across the board as far as I was able to find myself. As far as I have been able to find it, it's always been anytime I've looked at this issue, be it in this case or various cases, it's an issue that comes up obviously frequently against the state. The ex parte young is something where you're looking at you still have to prove the underlying violation of law in order to get the relief that's sought. So the issue is I can still get one form of relief and one form of relief only. Reinstatement, I can't get money damages, but I still have to prove the underlying violation. Or some other type of injective relief. That's correct. Now, the appellant has an additional argument that, well, I pled willfulness, and if I didn't I should have been allowed to amend the complaint to be able to plead willfulness either against Defendant Prausnick or possibly find out who my proper defendant should be. There's a couple of problems with that argument. First of all, I think the district court was correct. There's no way he would be able to amend to prove any, to assert any allegation that this defendant, Defendant John Prausnick, engaged in any willful activity under the FMLA. Because John Prausnick wasn't there when this action took place. To the extent, though, that this is now an ex parte young action, a remedy against the state as a whole, does it really matter who the individual defendant is? Obviously, the particular person who fired him was somewhere in the past that the prevention of his reinstatement is by the state as a whole, the Human Resources Department, the warden, all of those human beings are going to change from time to time. So what would be your suggestion as to how an action like this should have been named? Well, first of all, if this had been filed within the 2-year statute of limitations, I don't know that we would necessarily have this same issue. The problem is since it wasn't filed within the 2-year statute of limitations, an added element of willfulness was added to this claim. That changes it, because willfulness requires some sort of specific action, either knowingly or with reckless disregard, is what this court has interpreted willful to mean under the FMLA. Knowingly means not that the act is knowing, but the violation. You know that you're violating the act when you do it. Is that correct? That is correct, as this court has interpreted that under the FMLA. Just the fact that you somehow, just the fact, even if he could show that Warden Prelznick was familiar with the FMLA and it got violated anyways, is not sufficient. You have to show that he knowingly violated the act. He didn't take any actions in this case. So in this case, had they filed within the 2 years, that very well may not have been an issue. We don't have that situation. The other reason is, the plaintiff had in his possession, and attached to his complaint, it was attached as Exhibit L, I referenced it in my brief, to his complaint, his discharge papers, that made it clear he was discharged by the appointing authority. I outlined in my brief the civil service rules, which every state employee is charged with having knowledge of, make it clear that hiring and firing decisions can only happen with the authority of the appointing authority. And who is the appointing authority? The appointing authority in this case is an HR individual by the name of, I believe it's Constance Partee, P-A-R-T-E-E. Of course, he has asked to amend, and why wouldn't, if we were of a mind to permit that, why wouldn't we permit him to amend to name the appropriate person who would have standing, which, as you would say, would be the person under the civil service system. And I imagine that might be the Director of Corrections instead of the Warden. The Director of Corrections would come under this system, wouldn't it? The civil service system. Actually, no, he does not because the civil service system makes it clear the individual with the hiring and firing authority is the Director of Personnel of the State of Michigan. That individual has the ability, through the civil service rules and regulations, to delegate that authority to different individuals in different state departments. They're called appointing authorities. And that's what they do. He would have delegated that responsibility, in this case, to the Director of Corrections. No? No, that is not correct. Under the Michigan civil service system, it is still the civil service commission that has the ultimate hiring authority. That is a separate constitutional department, separate from the Department of Corrections. Is Partee the one that you would say, if we pass the other stuff, Partee would be the proper defendant here? Well, whoever the appointing authority is. In this case, at this time, it was Constance Partee. But at least if he had named the appointing authority, you at least have the appointing authority or the person who stands in that position. The problem with the amendment argument is if Warden Prelznick is not a proper party in this case, the claim against him has to be dismissed. You have no party, you have no case. He would have to bring a separate cause of action against Ms. Partee because there simply can be no claim against Warden Prelznick in this case. The plaintiff is asked to amend on the issue of willfulness and wouldn't a just outcome, if we did permit the amendment, to also permit the amendment on the relation back of the complaint with respect to the proper named defendant? I don't believe so because that can only happen if you have your original action. I believe your original action has to be appropriate. If Prelznick isn't a proper party, this case gets dismissed. Now, he could have brought another cause of action. The plaintiff in this case... That would be out of time under your view, wouldn't it? It would still be out of time, I believe. But the problem is... Well, I mean, it's not as big a deal to permit the amendment if the law is that the supervisory responsibility doesn't apply in the Ex parte Young context. We have to remember we're under Ex parte Young here. Which I understand, which is an extraordinary remedy and should be narrowly construed. The appellant here sought to seek discovery to determine who the appropriate party would be when they had that information in their presence the entire time. The issue that we have with that is if Mr. Prelznick is not a proper party, there is no case. He shouldn't have had to stay in this case to allow discovery, to defend against discovery, to defend against a claim where there's no basis for the claim against him. The plaintiff didn't need that discovery. The plaintiff had that information in their possession the entire time and simply chose not to do it, even after we filed our motion to dismiss. The plaintiff never, other than in response, didn't file a motion to amend, didn't seek to do anything to try to determine, name another party, name the state personnel director. We raised all these issues in our brief. The plaintiff simply sat on his rights and shouldn't be allowed now to come in and say, well, yeah, but you should, court should let me remedy all of this through discovery. Discovery is not a vehicle to determine if you have a claim and against who. There needs to be some basis as to what that claim is before you can even assert the case. What about this case from our circuit, Whitfield v. Tennessee, about whether a complaint to proceed should be allowed where the plaintiff simply requested reinstatement and named a state official? Because I'm assuming that if the circuit is held that a plaintiff may bring a suit for reinstatement, there has to be somebody to sue. And maybe this plaintiff did not name the proper party, but that, through relation back, that would seem to be something that could easily be remedied here. But that all would have to be undertaken under this action that is not proper in the first instance because the warden is not a proper defendant. He has to be dismissed. Once he's dismissed, the case gets dismissed. There's no other party. And I think this problem... I'm out of time. Colleagues have any further questions? Thank you, ma'am. Mr. Nyholt, you have five minutes for rebuttal. Great. The first thing I'd like to point out is I take strenuous issue with Ms. Miller's statement that a claim for termination is not a continuing violation. Carton v. Kent State University, 282 F. 3rd, 391, at point page site 396, that's a Sixth Circuit decision from 2002, clearly and unequivocally held that a claim for reinstatement is a continuing violation in the ex parte young context. She is wrong when she says that. Number two, all this statement about the plaintiff had the information about Constance's party in his possession all the time. I want to point out that it took the defendants until their brief and response on appeal to identify Constance's party as the person they believe had the authority to rehire Kruger. They didn't state it in their brief on dismissal. They just said it was some person at the Civil Service Commission. From what I'm hearing here, well, maybe we could have named somebody at the department. So I take strong issue with that point. Clearly there's a question here, even to this day, about who has the authority to end this continuing violation. And I think justice certainly would have required us to do a little bit of discovery in order to think who MDOC decides this week is the person that could have ended it. As for the argument about the willfulness, what we're ignoring here is that the standard for willfulness, willful describes conduct that is voluntary, deliberate, intentional, and more than negligent, McLaughlin v. Richland Shue, 46 U.S. 128-133, 1988, and an employer violated the FMLA willfully when it acts with knowledge that its conduct is prorogated by the FMLA or with reckless disregard of the FMLA's requirements. Same case. We had a fairly recent decision from one of our lower courts, Novak v. Auto Owners. It's a Western District case, denial of summary dismissal 13CV1126. I cited that in some of our additional material. So it looked at a similar situation to the incident where plaintiff had alleged that she was employed, that she let her employer know that she needed FMLA intermittent leave and was fired. As we didn't hear because the court disregarded formulaic recitations of the elements, didn't use the word willful to describe it, but described these facts, the court said that under those circumstances that showed a willful violation. I think that's very similar to Kruger's situation. He alleged that he let his employer know he needed intermittent leave, that he had this condition, that he took intermittent leave, and that he was fired as a result. I don't understand... How does that... Counsel, this is Judge Boggs. As I read the cases, and really the language I think that you cited, there is a difference between doing something that turns out to violate the FMLA and doing something when you know that what you're doing is violating the FMLA. Otherwise, essentially every liability would be willful because it almost always takes a knowing act. So how would you distinguish between the two? I'm not sure there's a good way to distinguish because any time somebody, as in Kruger's case, fires somebody when they were on intermittent leave for exercising the intermittent rights, and we say, well, they didn't know they were violating the FMLA, so that's not willful, the fact that we have this distinction for willful would cannibalize itself. But then it sounds to me like you are saying that every time you bring an FMLA claim, it is automatically going to be willful because in order to win it, you have to show that they fired you because of the FMLA, right? The situations where willfulness wouldn't be applied is where you don't have a showing that the employer knew that you had a protected health condition, where you don't give them adequate notice or where they don't sign off on your intermittent leave. But then you wouldn't win at all because you can't fire someone because of FMLA leave if you don't know it. What usually happens in these cases is that the employer claims that he had a good reason, that, as you said, the medical papers weren't correct or he didn't believe that the condition was sufficiently serious or any of those defenses. And, of course, if he wins the case, he wins. But if he loses the case on the merits, then that shows that those excuses weren't any good, which would make it willful under your view, wouldn't it? ...at the end of the case, and right now we're at the pleading stage. We haven't even had discovery in this thing. Okay, I think your time has expired  Thanks to both counsel. That case will be submitted. Thank you very much, Your Honor.